ALBERT M. QUINBY and WILLIAM H. WEEKS, trading as A. M. QUINBY & Co., *v.* THE MAYOR and COUNCIL of the CITY of WILMINGTON, owner, and WILLIAM H. FOULK, contractor.

The mechanic lien law imperatively requires that a party who furnishes materials for the repairs of a building on the credit of it, shall file a statement of his claim therefor in the office of the prothonotary of the county wherein it is situated within sixty days from the last delivery of the materials, but

if after the delivery of them is finished, he receives from the contractor to do the repairs and supply the materials for the purpose to whom he furnished them, and within the sixty days his promissory note for the amount due for them, payable to his order three months after date, it will not only suspend his right to sue the contractor, or the owner of the building until the maturity of the note, but it will constitute in effect a complete waiver of his legal right to file a statement of his claim and obtain a judgment and lien upon it against the owner under the statute.

*Scire facias sur* mechanics' lien. The pleas were first *nil debit*, and secondly, that Foulk, the contractor, after the work was finished gave the plaintiffs and they received his promissory note, payable three months after date, in payment of the amount due for it. The claim was for materials furnished in repairing the City Mill, which Foulk, who was a carpenter, had contracted with the mayor and council to repair and furnish the materials for the purpose. The delivery of the materials was commenced on the 22d day of November and the work was finished on the 6th day of December, 1873. The promissory note of Foulk was dated and given on the 6th day of January, 1874, for six hundred and twenty-five dollars and thirty-one cents, and the claim of the plaintiffs, which was for four hundred and forty-one dollars and eleven cents, with interest from January 1st, 1874, was filed and the *scire facias* thereon was issued on the 3d day of February, 1874. The book of original entries of the plaintiffs showed that their account for the work and materials had been opened and entered against *W. H. Foulk*, City Mill. It also appeared in evidence that thirty dollars and ninety cents worth of the materials furnished was temporarily used for scaffolding only during the work, and was afterward removed and appropriated by Foulk to his own uses, and that a treasury warrant of the city for six hundred and ten dollars and twenty-four cents was delivered to Foulk in full payment of his contract on the 11th day of December, 1873, and was immediately afterward paid and taken up by the city treasurer. Before the maturity of Foulk's promissory note the plaintiffs had it discounted in bank, and having been protested for non-payment at maturity, they had taken it up and repaid the amount of it to the bank. The amount of the account which they had submitted to Foulk, including these and also other charges which they had against

him, was six hundred and sixteen dollars, and with interest thereon six hundred and twenty-five dollars and thirty-one cents.

*Patterson,* for the plaintiffs: This is a proceeding *in rem. Serg. on Attach.* 200, 205, 208, 209, 213, 214. The taking of the promissory note was not a waiver of the lien, nor was the acceptance of it a satisfaction of the claim. *Serg. on Attach.* 121, 292; *Brown's Pa. Rep.* 297; 1 *Miles* 214; *Serg. on Mech. Lien* 189; 4 *Watts & Serg.* 257; 8 *Cow.* 77; 8 *E. C. L. R.* 7. It was only collateral security for the claim until one or the other of them was paid. 3 *Serg. & Rawle* 33, 193; 12 *Penna.* 340; 24 *Penna.* 510; 5 *Watts* 118; 9 *Watts* 283; 2 *Iowa* 508; 7 *Blackf.* 218; 6 *E. B. Smith's Rep.* 657; 4 *R. I.* 383; 40 *Mo.* 260; 9 *Mo.* 58; 30 *Mo.* 263; 1 *Stockt.* 314; 5 *Johns.* 68; *Phil. on Mech. Liens, secs.* 273, 275, 278, 279, 286, 295; 14 *Serg. & Rawle* 32; 39 *Penna.* 226; 1 *Hill* 516; 3 *Barb.* 409. A security to destroy or utterly annul the lien must he intended to take the place of the lien, which a promissory note could not do. 4 *Dutcher* 39. And the lien itself and the legal enforcement of it are entirely different in their nature and elements. *Phil. on Mech. Lien* 282, 322, 334, 340; 2 *Pars. on Bills and Notes* 156.

*Spruance,* for the defendant: In the first place, it clearly appeared as a fact in this case from all the circumstances disclosed in the evidence that the materials were not furnished on the credit of the building in question, but on the credit of Foulk, the contractor solely, and the special privileges conferred by statute on this class of preferred creditors, being in derogation of the common law, was required by a well-settled and wise rule of it to be construed strictly, and therefore that every claimant under it is bound to bring his case clearly within the special provisions of it to entitle himself to the benefits of it; and where it not clearly so, but doubtful or uncertain merely, the construction of the statute must be against his claim.

By the general rule of law on the subject, the taking of a promissory note is not payment or discharge of the pre-existing debt for which it was given, but if it is so agreed or intended

by the parties, it operates as an absolute payment, and the original debt will be discharged. *Phil. on Mech. Lien*, sec. 275; *Serg. on Mech. Lien* 189; 4 *Watts and Serg.* 257; 30 *Wise* 521; 9 *N. J.* 314. And according to the cases just cited it was evidence of such an intention. But even where it is not so given and taken, yet if it is by its terms made payable at a future day, the right to sue for the original debt is suspended till the maturity of the note. *Phil. Mech. Lien*, sec. 275; 3 *Wall.* 37; 5 *Johns.* 68. And the taking of a note payable after date for such a claim suspends the enforcement of the mechanic's or material man's lien until the maturity of the note, or the credit on it has expired. *Phil. Mech. Lien*, sec. 276; 4 *B. Monro* 61; 4 *B. Monro* 81. And where time is given to the contractor by the material man, the building is discharged from the claim and the lien. *Hill* v. *Witmer, Serg. on Mech. Lien* 191. The indorsement and negotiation of the note by the plaintiffs suspended their right to sue for their claim until the note was returned to them unpaid after its maturity. *Phil. Mech. Lien*, sec. 278; 12 *Cush.* 389; 2 *R. I.* 270. And it has been held in Iowa that the negotiation of a promissory note given for such a claim destroys the right to a lien. *Phil. Mech. Lien*, sec. 278. And in Rhode Island that notice of the lien may be filed, but not a petition to enforce it, inasmuch as the latter was the institution of an action for the enforcement, security, and collection of it before the note was due and payable, and whilst it was yet in the hands of a third party. But that seems to have been under some special and peculiar provision of their statute, which is not to be found in ours.

*Patterson:* The negotiation of the note suspended the right to sue upon the claim until it matured and was protested, but the right in the meanwhile to file the notice of the lien continued. *Phil. Mech. Lien*, sec. 278; 2 *R. I.* 270; 12 *Cush.* 389. There is a distinction between filing notice of the lien and instituting suit on the claim. *Phil. Mech. Lien*, sec. 282; 1 *W. Va.* 249; 30 *Mo.* 263; 31 *Mo.* 465.

*The Court, Houston, J., charged the jury:* That the facts in

the case were not disputed, and as the only question involved in it, and on which it depended before them, was a question of law exclusively, he would proceed to state to them what the law of the case was, and by which they should be governed in making up their verdict

What may be the particular provisions in the mechanics' lien laws of other States for filing notice merely of such liens without formally filing the claim itself on which it depends we are not informed, but there is no provision whatever of the kind in our statute on the subject to authorize or warrant the filing of notice of any such lien except by filing the claim itself to which it is incident in the mode and manner expressly provided for and required in it. And in a case like this, which is the claim of the plaintiffs as material men against the city of Wilmington for certain materials furnished for the repair of a mill belonging to it, called the City Mill, and which were furnished by them not directly to the city, but to one William H. Foulk, a carpenter, for the purpose, who had contracted with the city to do the repairs and furnish the materials, that provision of our statute imperatively requires that the claim of a party furnishing materials in such a case on the credit of the building to be repaired, either to the owner of it, or to any such contractor, shall be stated and filed in the office of the prothonotary of the superior court in and for the county wherein such building is situated within sixty days from the last delivery of materials furnished for the purpose, to entitle such a party to the benefits of the statute and to such a lien upon the property. And we took occasion in a former case before this court under the statute, *France* v. *Woolston*, 4 *Houst.* 564, to state the obvious reasons for this imperative requirement of the statute, and, among others, that it was evidently considered contrary to wisdom and sound policy that such an incumbrance should be allowed to exist for any greater length of time without thus being made a matter of public record. And that, therefore, suit should be instituted on every such claim in the special mode directed by the statute within that time.

According to the statement of the claim filed by the plaintiffs and their book of original entries, the delivery of the materials by them was commenced on the 22d day of November, 1873, and

was finished on the 6th day of December, 1873; and that the statement of their claim for them, amounting to four hundred and forty-one dollars and eleven cents, with interest from January 1st, 1874, was filed in the office of the prothonotary of this court, as appears by the record, on the 3d day of February, in that year, and within sixty days from the last delivery of the materials furnished by them. But it also appears from the evidence, and is not disputed, that they received and accepted from William H. Foulk, the contractor, to whom they had furnished the materials under their contract with him, on the 6th day of January, 1874, his promissory note for six hundred and twenty-five dollars and thirty-one cents, payable in three months from that date to their order, and which it is admitted included as a portion of the consideration for which it was so given by him and received by them the amount of their present claim as stated against the defendant, the city of Wilmington, for the materials so furnished and delivered by them. They afterward had the note discounted at the Farmers' Bank, in Wilmington, but Foulk, the maker, failed to pay it at maturity, and they had to take it up afterward at the bank. The city had, however, paid Foulk six hundred and ten dollars and twenty-four cents in full of his contract with it for the materials and his work in repairing the mill as early as the 11th day of December, 1873. Under these circumstances it is not necessary, in our opinion, to inquire whether they furnished the materials on the individual credit of Foulk, or, as they have since alleged, on the credit of the building that has been repaired with the materials. By the term of credit given in the promissory note it was not payable until the 9th day of April, 1874, and we are clearly of the opinion that during that time and until the maturity of the note their right to institute any suit for the claim or demand, either under the statute or otherwise, against any one, either Foulk or the city, was suspended, and inasmuch as the sixty days within which their claim could alone be rightfully filed under the statute must necessarily have elapsed before the three months' credit on the note had expired, the credit thus given constituted in effect a complete waiver of their legal right to proceed under the provisions of it to recover a judgment and secure a lien upon their

claim for the materials against the defendants. For nothing short of the recovery of judgment on the claim so stated and filed completes and secures the lien in such a case under the statute. The plaintiffs are therefore not entitled to recover in the action, in our opinion, and your verdict should accordingly be for the defendants.

The defendants had a verdict.